**Exhibit A**

Complaint & State Court papers



**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

## Court of Common Pleas

**New Case Electronically Filed: COMPLAINT**
**March 11, 2020 08:59**

By: MICHAEL J. MAILLIS 0065472

Confirmation Nbr. 1965622

SUSAN QUINONES, ETC., ET AL                    CV 20 930758

       vs.

OLANYANJU LADEJO, ETC., ET AL          **Judge:**  J. PHILIP CALABRESE

**Pages Filed:**  13

**IN THE COURT OF COMMON PLEAS**
**CUYAHOGA COUNTY, OH**

| | | |
|---|---|---|
| SUSAN QUINONES, as Legal | ) | |
| Guardian of DAVID N. SCHEEHLE | ) | CASE NO: |
| 934 Nottingham Drive | ) | |
| Medina, OH 44256 | ) | |
| | ) | JUDGE: |
| and | ) | |
| | ) | |
| JOYCE McKENZIE | ) | |
| 737 Nottingham Drive | ) | **COMPLAINT** |
| Medina, Ohio  44256 | ) | |
| | ) |  Type:  Personal Injury |
| Plaintiffs, | ) | |
| | ) | (Jury Demand Endorsed Hereon) |
| vs. | ) | |
| | ) | |
| OLANYANJU LADEJO | ) | |
| 3218 Aspen Circle | ) | |
| Snellville, GA 30078 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| WISCONSIN TRUCKS INC. | ) | |
| c/o Marija Mihic, Registered Agent | ) | |
| 3408 S. 87th Street | ) | |
| Milwaukee, WI 53227 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| ROYAL M GROUP LLC | ) | |
| c/o Jovo Mihic, Registered Agent | ) | |
| 8821 W. Oklahoma Ave. Suite 303 | ) | |
| Milwaukee, WI 53227 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| ROYAL M INC. | ) | |
| c/o Jovo Mihic, Registered Agent | ) | |
| 8821 W. Oklahoma Ave. Suite 303 | ) | |
| Milwaukee, WI 53227 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| WHITE EAGLES EXPEDITE INC. | ) | |

c/o Jovo Mihic, Registered Agent )
3403 S. 87th Street )
Milwaukee, WI 53227 )
)
and )
)
MARIA MIHIC )
3408 S. 87th Street )
Milwaukee, WI 53227 )
)
and )
)
JOVO MIHIC )
8821 W. Oklahoma Ave. Apt. 303 )
Milwaukee, WI 53227 )
)
and )
)
JOHN DOE #1, employer and/or )
borrowing employer of  Olanyanju )
Ladejo whose true identity could not )
be ascertained despite the exercise )
of reasonable diligence )
3408 S. 87th Street )
Milwaukee, WI 53227 )
)
and )
)
M&M EXPRESS INC. )
c/o Dragan Radeta, Registered Agent )
4600 W. Burnham Street )
Milwaukee, WI 53219 )
)
and )
)
PROSERV LOGISTICS LLC )
6840 Shady Oak Road )
Eden Prairie, MN  55344 )
)
and )
)
JOHN DOE #2-6, employees responsible )
for hiring, supervising, and/or retaining )
Olanyanju Ladejo and/or entrusting )
him with the tractor/trailor involved )
in the collision whose true identitiese )

| | |
|---|---|
| could not be ascertained despite the | ) |
| exercise of reasonable diligence | ) |
| 3408 S. 87th Street | ) |
| Milwaukee, WI 53227 | ) |
| | ) |
| and | ) |
| | ) |
| PROGRESSIVE SPECIALTY | ) |
| INSURANCE COMPANY | ) |
| 6300 Wilson Mills Rd | ) |
| Cleveland, Ohio 44143 | ) |
| | ) |
| Defendants. | ) |

NOW COMES Plaintiffs, SUSAN QUINONES, as legal guardian of DAVID N. SCHEEHLE, and JOYCE McKENZIE, by and through undersigned counsel, and for their Complaint states as follows:

## PRELIMINARY STATEMENT

This case arises from a truck-van collision that occurred on April 4, 2018 in Trumbull County, Ohio when a truck owned by Defendant, Wisconsin Trucks Inc. ("Wisconsin Trucks") driven by Defendant, Olanyanju Ladejo ("Ladejo") on behalf of his employer or borrowing employer struck the rear of a van owned and operated by David Scheehle ("Scheehle") which had become disabled in the right lane of the westbound lanes of the Ohio Turnpike.  As a result of the accident, Scheehle suffered serious, permanent, and disabling injuries, and Scheehle's mother, Plaintiff, Joyce McKenzie, suffered has lost and will continue to lose the consortium of her son.

Susan Quinones, as legal guardian of Scheehle ("Quinones"), and Joyce McKenzie ("McKenzie") bring this action against Ladejo, Ladejo's employers and/or borrowing employers, the successors of those employers and/or borrowing employers, and the individuals responsible for hiring, supervising, and/or retaining Ladejo, for their negligence, negligence per

se, and/or willful, wanton, and reckless misconduct.  Progressive Specialty Insurance Company ("Progressive"), Scheehle's personal auto insurance carrier, is named as an involuntary plaintiff with respect to any right of subrogation it may have by reason of its payment of medical benefits coverage under the policy, and because the commercial auto insurance company for Wisconsin Trucks is currently in receivership, is named a defendant with respect to Quinones' action for judgment declaring Scheehle is entitled to uninsured motorist coverage under his personal policy.

## PARTIES, JURISDICTION AND VENUE

1.      Plaintiff, Quinones, was appointed legal guardian of Scheehle by the Probate Court for Medina County, Ohio following the collision due to Scheehle's inability to care for himself or handle his personal affairs as a result of injuries sustained in the collision.  Quinones brings this action in her capacity as Scheehle's legal guardian.

2.      Plaintiff, McKenzie, is Scheele's mother, and at all times relevant herein, resided in Medina County, Ohio.

3.      Defendant, Ladejo, the driver of the truck who struck Scheehle's van, was a resident of Milwaukee, Wisconsin, but upon information and belief, currently resides in Snellville, Georgia. Further, upon information and belief, at the time of the collision Ladejo was an agent, employee, or borrowed servant acting within the scope of his agency, employment, or servitude for one or more of the other named defendants.

4.      Defendant, Wisconsin Trucks, is or was a Wisconsin corporation with its principal place of business located in Milwaukee, Wisconsin who owned the tractor Ladejo was driving at the time of the collision and entrusted it to him, and a principal, employer, or borrowing employer of Ladejo at the time of the collision.

5.      Defendant, John Doe #1, whose identity could not be determined despite the exercise of reasonable diligence, was a principal, employer, or borrowing employer of Ladejo at the time of the collision.

6.      Upon information and belief, Defendants, Royal M Group LLC, Royal M Inc., and/or White Eagles Expedite Inc. (collectively referred to hereafter as "Royal M"), are Wisconsin entities with their principal places of business located in Milwaukee, Wisconsin, who are affiliated with, the successors of, and/or under common ownership/control with Wisconsin Trucks and/or John Doe #1.

7.      Defendants, Maria Mihic and Jovo Mihic (collectively hereafter, "the Mihics"), are residents of Milwaukee, Wisconsin, and upon information and belief, are the principal shareholders and/or members of Wisconsin Trucks, John Doe #1, and/or Royal M, are officers/employees of Wisconsin Trucks and/or John Doe #1, and were directly involved in the hiring, supervision, and retention of Ladejo as well as entrusting him with the tractor-trailer Ladejo was operating at the time of the collision.

8.      Defendant, M&M Express Inc. ("M&M"), is a Wisconsin corporation with its principal place of business in Milwaukee Wisconsin and the owner of the trailer being pulled by the tractor Ladejo was operating at the time of the collision.  Upon information and belief M&M entrusted the trailer to Ladejo and/or his employer, and/or work acting as Ladejo's principal or employer at the time of the collision.

9.      Defendant, Proserv Logistics LLC ("Proserv"), is an entity with its principal place of business located in Eden Park, Minnesota.  Based upon bills of lading in Ladejo's possession, Ladejo was acting as Proserv's agent, employee, or borrowed servant at the time of the collision.

10.     Defendants, John Doe #s 2-6, were employees of Wisconsin Truck, John Doe #1,

Royal M, M&M, and/or Proserv who were responsible for hiring, supervising, and/or retaining Ladejo and/or entrusting him with the tractor-trailer Ladejo was operating at the time of the collision.

11.     Defendant, Progressive, is an Ohio corporation with its principal place of business located in Cuyahoga County, Ohio.  Progressive issued person auto Policy No. 91344906 ("Progressive Policy") to Scheehle in force at the time of the accident which provide, among other coverages, Medical Payments Coverage and Uninsured Motorist Coverage.  A copy of the Progressive Policy's declarations page is attached hereto, but the remainder of the policy is not attached due to its volume and because it is in Progressive's possession.

12.     Upon information and belief, Wisconsin Trucks, John Doe #1, and Royal M failed to maintain corporate formalities including but not limited to failing to maintain arms-length relationships between them and the dominant shareholders/members, undercapitalization, manipulations of assets, intermingling of assets, and/or siphoning of corporate assets, Plaintiffs are entitled to pierce the corporate veil of these entities and hold these entities and their principal shareholders/members, the Mihics, liable for Ladejo, Wisconsin Trucks and/or John Doe #1's liabilities.

13.     John Doe #1-6, who would have been identified in this Complaint had Plaintiffs been able to identify them with the exercise of reasonable diligence, will not be prejudiced by the filing of this Complaint due to their knowledge of the collision, service at their suspected addresses, and service upon affiliated defendants.

14.     Jurisdiction and venue are proper in Cuyahoga County, Ohio, the principal place of business of Progressive, who is not a nominal defendant by reason of Quinones' action seeking a declaration of Scheele's rights to uninsured motorist coverage.

## FIRST CAUSE OF ACTION
### (Negligence Per Se/Negligence)

15.     All allegations and causes of action in this Complaint, pled above and below, are incorporated into this cause of action by reference.

16.     On or about April 4, 2018, while travelling in the right lane of the westbound lanes of the Ohio Turnpike in Trumbull County, Ohio, Ladejo, who was operating a tractor owned by Wisconsin Trucks and pulling a trailer owned by M&M, struck the rear of a van owned and operated by Scheehle which had become disabled and stopped in the right lane.

17.     Ladejo owed a duty of care the public, to other drivers and motorists, and to Scheehle to obey state law and state regulations with regard to the safe and lawful operation of a commercial motor vehicle, as well as a duty of reasonable care under the circumstances.

18.     Ladejo breached these and other duties of care he owed to other drivers, motorists, and Scheehle in and among other things by:

a.      Failing to operate his commercial motor vehicle in a safe and careful manner;

b.      Failing to keep reasonable control of his commercial motor vehicle;

c.      Failing to maintain an adequate lookout;

d.      Failing to travel at a reasonable speed and maintain an assured clear distance ahead;

e.      Failing to comply with the duties and requirements of the Federal Motor Carrier Safety Regulations including but not limited to those designed to prevent operators from driving while distracted, fatigued, or impaired; and

f.      Otherwise failed to operate his commercial motor vehicle in a safe and/or lawful manner.

19.     Ladejo's conduct in violating the Federal Motor Carrier Safety Regulations was

willful and wanton, and his operation of the tractor-trailer reckless, exhibiting a conscious disregard for the rights and safety of other motorists, including Scheehle, which had a great probability of causing substantial harm.

20.  As a direct and proximate result of Ladejo's negligent, willful, wanton and/or reckless misconduct, Scheehle suffered serious, permanent, and disabling physical, mental and emotional injuries.  Scheehle's injuries include substantial, permanent, disfiguration and prevent him from caring for himself or living on his own.

21.  Further, as a direct and proximate result of Ladejo's negligent, willful, wanton, and/or reckless misconduct, Ladejo has and will continue to incur significant economic loss including but not limited to medical expenses, wages, employment benefits, and future earning potential.

22.  In addition to his ongoing physical, mental, and emotional pain and suffering, as a direct and proximate result of Ladejo's negligent, willful, wanton, and/or reckless misconduct, Scheele has suffered and will continue to suffer loss of his ability to perform everyday functions and enjoyment of life.

23.  As a direct and proximate result of Ladejo's negligent, willful, wanton, and/or reckless misconduct, McKenzie has suffered the permanent loss of support, loss of services, loss of inheritance, loss of her society, including loss of companionship, consortium, love, care, assistance, attention, protection, advice, guidance, counsel, instruction, training, and education, and mental anguish and emotional trauma, and funeral and burial expenses.

24.  Defendants, Wisconsin Trucks, John Doe #1, Royal M, the Mihics, M&M, and/or Proserv are vicariously liable for Ladejo's negligent, willful, wanton, and/or reckless misconduct under the doctrine of respondeat superior and/or by their ratification of Ladejo's conduct.

## SECOND CAUSE OF ACTION
### (Negligent Entrustment)

25.     Plaintiffs incorporate all above allegations and paragraphs as though fully rewritten herein.

26.     Upon information and belief, Ladejo had a prior history of poor and/or reckless driving, inadequate training as a commercial truck drive, and non-compliance with Federal Motor Carrier Safety Regulations rendering him an incompetent driver under Ohio law.

27.     Wisconsin Truck, John Does #1-6, Royal M, the Mihics, M&M, and/or Proserv owed a duty a duty of care the public, to other drivers and motorists, to exercise reasonable care to insure they entrusted tractor-trailers to competent drivers only.

28.     Wisconsin Truck, John Does #1-6, Royal M, the Mihics, M&M, and/or Proserv breached their duty of reasonable care by failing to determine if Ladejo was a competent driver and entrusting the tractor-trailer involved in the collision to Ladejo.

29.     The conduct of Wisconsin Truck, John Does #1-6, Royal M, the Mihics, M&M, and/or Proserv was negligent, willful, wanton and/or reckless and demonstrated a conscious disregard for the rights and safety of other motorists including Scheehle that had a great probability of causing them substantial harm.

30.     As a direct and proximate result of the misconduct of Wisconsin, Truck, John Does #1-6, Royal M, the Mihics, M&M, and/or Proserv, Plaintiffs suffered those damages previously set forth in their First Cause of Action.

## THIRD CAUSE OF ACTION
### (Negligent Hiring, Supervision, & Retention)

31.     Plaintiffs fully incorporate all of the above allegations and paragraphs as though fully rewritten herein.

32.     At all relevant times, Wisconsin, Truck, John Does #1-6, Royal M, the Mihics,

M&M, and/or Proserv had a duty to act reasonably in hiring, instruction, training, supervising and retaining its drivers and other employees and agents, including Ladejo and to promulgate and enforce policies, procedures, and rules to ensure that its drivers and vehicles were reasonably safe.

33.    Wisconsin, Truck, John Does #1-6, Royal M, the Mihics, M&M, and/or Proserv had a duty to exercise reasonable care in entrusting its vehicles and equipment to responsible, competent and qualified drivers.

34.    Wisconsin, Truck, John Does #1-6, Royal M, the Mihics, M&M, and/or Proserv failed in the above-mentioned duties and was/were therefore negligent.

35.    The conduct of Wisconsin Truck, John Does #1-6, Royal M, the Mihics, M&M, and/or Proserv was negligent, willful, wanton and/or reckless and demonstrated a conscious disregard for the rights and safety of other motorists including Scheehle that had a great probability of causing them substantial harm.

36.    As a direct and proximate result of the misconduct of Wisconsin, Truck, John Does #1-6, Royal M, the Mihics, M&M, and/or Proserv, Plaintiffs suffered those damages previously set forth in their First Cause of Action.

**FOURTH CAUSE OF ACTION**
*(Negligent Maintenance/bailment/loading)*

37.    Plaintiffs incorporate all above allegations and paragraphs as though fully rewritten herein.

38.    At all relevant times herein, Ladejo, Wisconsin, Truck, John Does #1-6, Royal M, the Mihics, M&M, and/or Proserv had a duty had a duty to exercise reasonable care in maintaining its vehicles, including tractors and trailers.

39.    Further, Wisconsin, Truck, John Does #1-6, Royal M, the Mihics, M&M, and/or Proserv had a duty to exercise reasonable care in providing a tractor and trailer to Ladejo that was

mechanically safe for use on public highways and loaded properly.

40. Ladejo, Wisconsin, Truck, John Does #1-6, Royal M, the Mihics, M&M, and/or Proserv were negligent in maintaining the tractor and/or trailer and/or Wisconsin, Truck, John Does #1-6, Royal M, the Mihics, M&M, and/or Proserv were negligent in providing Ladejo with an unsafe tractor and/or trailer.

41. The conduct of Ladejo, Wisconsin Truck, John Does #1-6, Royal M, the Mihics, M&M, and/or Proserv was negligent, willful, wanton and/or reckless and demonstrated a conscious disregard for the rights and safety of other motorists including Scheehle that had a great probability of causing them substantial harm.

42. As a direct and proximate result of the misconduct of Ladejo, Wisconsin, Truck, John Does #1-6, Royal M, the Mihics, M&M, and/or Proserv, Plaintiffs suffered those damages previously set forth in their First Cause of Action.

## FIFTH CAUSE OF ACTION
### *(Declaratory Judgment)*

43. Plaintiffs incorporates all above allegations and paragraphs as though fully rewritten herein.

44. At the time of the collision, Scheehle was insured under Progressive Policy issued by Progressive which provided, among other coverages, medical payments and uninsured motorists coverage.

45. Progressive has paid the limits of the medical payments coverage to Scheehle, may have a right of subrogation from any recovery from persons liable for Scheehle's injuries, and therefore, is joined as an involuntary plaintiff.

46. Further, as the commercial insurance carrier covering Ladejo and Wisconsin Trucks is insolvent and in receivership, Ladejo qualifies as an uninsured motorist under the

Progressive Policy.

47.     Scheehle is an insured for purposes of uninsured motorist coverage afforded under the Progressive Policy and has suffered bodily injury as a result of a motor vehicle caused by an uninsured motorist as to fall within the insuring agreement of the policy's uninsured motorist coverage section.

48.     Scheehle's claim for uninsured motorist coverage is not precluded by the Progressive Policy's exclusions, and Scheehle has satisfied all of the policy's terms and conditions.

49.     Scheehle is entitled to uninsured motorist coverage under the Progressive Policy up to the policy's coverage limit.

50.     Progressive is not entitled to subrogation unless Scheehle is made whole, and Scheehle is entitled to set-off against Progressive's subrogation claim attorney's fees and expenses incurred in obtaining any recovery.

WHEREFORE, Plaintiffs demand judgment against Ladejo, Wisconsin Truck, John Does #1-6, Royal M, the Mihics, M&M, and Proserv for compensatory and punitive damages in excess of Twenty-Five Thousand Dollars ($25,000.00), but not specified as required by Ohio Civil Rule 8(A), plus costs, expenses, attorney's fees, pre- and post-judgment interest, and such further relief to which they may be entitled.  Plaintiff further demands judgment against Progressive declaring:

a.     Scheehle is an insured under the Progressive Policy;

b.     Scheehle's bodily injuries were caused by an uninsured motorist and fall with the Progressive Policy's injuring agreement for uninsured motorist coverage;

c.     Scheehle's claim for uninsured motorist coverage is not precluded by the Progressive Policy's exclusions;

d.     Scheehle has satisfied the Progressive Policy's terms and conditions for uninsured

motorist coverage;

e.    Scheehle, through his legal guardian, Quinones, is entitled to payment of the Progressive Policy's Twenty-Five Thousand Dollar ($25,000.00) uninsured motorist limit; and

f.    Progressive is not entitled to subrogation for payments made under the medical payments or uninsured motorist coverages of the Progressive Policy unless Scheehle is made whole; and

g.    Scheehle is entitled to set off against Progressive's subrogation claim attorneys' fees and expenses incurred in procuring a recovery;

and awarding Plaintiffs costs, pre- and post-judgment interest, and such further relief to which they may be entitled.

Respectfully submitted,

**KISLING, NESTICO & REDICK, LLC**

*/s/ Michael J. Maillis*
Michael J. Maillis (0065472)

and

*/s/ Christopher J. Van Blargan*
Christopher J. Van Blargan (0066077)
3412 W. Market Street Akron, OH 4333
Ph: 330-869-9007
Fax: 330-869-9008
Email: cvanblargan@knrlegal.com
*Attorneys for Plaintiffs*

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues so triable.

*/s/ Michael J. Maillis*
Michael J. Maillis, One of the
Attorneys for Plaintiffs

skip to main content

Print

# CASE INFORMATION

## CV-20-930758 SUSAN QUINONES, ETC., ET AL vs. OLANYANJU LADEJO, ETC., ET AL

### Docket Information

| Filing Date | Docket Party | Docket Type | Docket Description | View Image |
|---|---|---|---|---|
| 04/15/2020 | D10 | NT | NOTICE OF APPEARANCE, FILED D10 PROSERV LOGISTIC, LLC ELIZABETH EMANUEL 0093369. NOTICE OF APPEARANCE FOR DEFENDANT PROSERV LOGISTICS LLC AND NOTICE OF STAY | 📄 |
| 04/07/2020 | D5 | SR | CERTIFIED MAIL RECEIPT NO. 41386559 RETURNED 03/16/2020 FAILURE OF SERVICE ON DEFENDANT WHITE EAGLES EXPEDITE INC. - NOT DELIVRBL AS ADDR NOTICE MAILED TO PLAINTIFF(S) ATTORNEY | |
| 04/07/2020 | D11 | SR | CERTIFIED MAIL RECEIPT NO. 41386565 RETURNED 03/27/2020 FAILURE OF SERVICE ON DEFENDANT JOHN DOE#2-6 - NO SUCH NUMBER NOTICE MAILED TO PLAINTIFF(S) ATTORNEY | |
| 04/07/2020 | D9 | SR | CERTIFIED MAIL RECEIPT NO. 41386563 RETURNED 03/16/2020 FAILURE OF SERVICE ON DEFENDANT M & M EXPRESS, INC. - NOT DELIVRBL AS ADDR NOTICE MAILED TO PLAINTIFF(S) ATTORNEY | |
| 03/28/2020 | N/A | | CERTIFIED MAIL RECEIPT NO. 41386565 RETURNED 3/27/2020 FAILURE OF SERVICE ON DEFENDANT JOHN DOE#2-6 - UNCLAIMED NOTICE MAILED TO PLAINTIFF(S) ATTORNEY | |
| 03/25/2020 | N/A | SR | USPS RECEIPT NO. 41386566 DELIVERED BY USPS 03/16/2020 PROGRESSIVE SPECIALTY INSURANCE COMPANY PROCESSED BY COC 03/25/2020. | |
| 03/25/2020 | N/A | SR | USPS RECEIPT NO. 41386561 DELIVERED BY USPS 03/16/2020 MIHIC/JOVO/ PROCESSED BY COC 03/25/2020. | |
| 03/25/2020 | N/A | SR | USPS RECEIPT NO. 41386558 DELIVERED BY USPS 03/16/2020 ROYAL M INC. PROCESSED BY COC 03/25/2020. | |
| 03/25/2020 | N/A | SR | USPS RECEIPT NO. 41386557 DELIVERED BY USPS 03/16/2020 ROYAL M GROUP, LLC PROCESSED BY COC 03/25/2020. | |
| 03/25/2020 | N/A | SR | USPS RECEIPT NO. 41386555 DELIVERED BY USPS 03/18/2020 LADEJO/OLANYANJU/ PROCESSED BY COC 03/25/2020. | |
| 03/20/2020 | N/A | SR | CERTIFIED MAIL RECEIPT NO. 41386556 RETURNED 3/19/2020 FAILURE OF SERVICE ON DEFENDANT WISCONSIN TRUCKS, INC. - NO SUCH NUMBER NOTICE MAILED TO PLAINTIFF(S) ATTORNEY | |
| 03/17/2020 | N/A | SR | CERTIFIED MAIL RECEIPT NO. 41386563 RETURNED 3/16/2020 FAILURE OF SERVICE ON DEFENDANT M & M EXPRESS, INC. - MOVED NOTICE MAILED TO PLAINTIFF(S) ATTORNEY | |
| 03/17/2020 | N/A | SR | CERTIFIED MAIL RECEIPT NO. 41386562 RETURNED 3/16/2020 FAILURE OF SERVICE ON DEFENDANT JOHN DOE#1 - NO SUCH NUMBER NOTICE MAILED TO PLAINTIFF(S) ATTORNEY | |
| 03/17/2020 | N/A | SR | CERTIFIED MAIL RECEIPT NO. 41386560 RETURNED 3/16/2020 FAILURE OF SERVICE ON DEFENDANT MIHIC/MARIA/ - NO SUCH NUMBER NOTICE MAILED TO PLAINTIFF(S) ATTORNEY | |
| 03/17/2020 | N/A | SR | CERTIFIED MAIL RECEIPT NO. 41386559 RETURNED 3/16/2020 FAILURE OF SERVICE ON DEFENDANT WHITE EAGLES EXPEDITE INC. - NO SUCH NUMBER NOTICE MAILED TO PLAINTIFF(S) ATTORNEY | |
| 03/11/2020 | N/A | SR | SUMMONS E-FILE COPY COST | |
| 03/11/2020 | N/A | SR | SUMMONS E-FILE COPY COST | |
| 03/11/2020 | N/A | SR | SUMMONS E-FILE COPY COST | |
| 03/11/2020 | N/A | SR | SUMMONS E-FILE COPY COST | |
| 03/11/2020 | D12 | CS | WRIT FEE | |
| 03/11/2020 | D12 | SR | SUMS COMPLAINT(41386566) SENT BY CERTIFIED MAIL. TO: PROGRESSIVE SPECIALTY INSURANCE COMPANY 6300 WILSON MILLS ROAD CLEVELAND, OH 44143 | 📄 |
| 03/11/2020 | D11 | CS | WRIT FEE | |
| 03/11/2020 | D11 | SR | SUMS COMPLAINT(41386565) SENT BY CERTIFIED MAIL. TO: JOHN DOE#2-6 3408 S. 87TH STREET MILWAUKEE, WI 53227-0000 | 📄 |
| 03/11/2020 | D10 | CS | WRIT FEE | |
| 03/11/2020 | D10 | SR | SUMS COMPLAINT(41386564) SENT BY CERTIFIED MAIL. TO: PROSERV LOGISTIC, LLC 6840 SHADY OAK ROAD EDEN PRAIRIE, MN 55344-0000 | 📄 |
| 03/11/2020 | D9 | CS | WRIT FEE | |
| 03/11/2020 | D9 | SR | SUMS COMPLAINT(41386563) SENT BY CERTIFIED MAIL. TO: M & M EXPRESS, INC. 4600 W. BURNHAM STREET MILWAUKEE, WI 53219 | 📄 |
| 03/11/2020 | N/A | SR | SUMMONS E-FILE COPY COST | |
| 03/11/2020 | N/A | SR | SUMMONS E-FILE COPY COST | |

| 03/11/2020 | N/A | SR | SUMMONS E-FILE COPY COST | |
| 03/11/2020 | N/A | SR | SUMMONS E-FILE COPY COST | |
| 03/11/2020 | D8 | CS | WRIT FEE | |
| 03/11/2020 | D8 | SR | SUMS COMPLAINT(41386562) SENT BY CERTIFIED MAIL. TO: JOHN DOE#1 3408 S. 87TH STREET MILWAUKEE, WI 53227 | 📄 |
| 03/11/2020 | D7 | CS | WRIT FEE | |
| 03/11/2020 | D7 | SR | SUMS COMPLAINT(41386561) SENT BY CERTIFIED MAIL. TO: JOVO MIHIC 8821 W. OKLAHOMA AVE APT. 303 MILWAUKEE, WI 53227 | 📄 |
| 03/11/2020 | D6 | CS | WRIT FEE | |
| 03/11/2020 | D6 | SR | SUMS COMPLAINT(41386560) SENT BY CERTIFIED MAIL. TO: MARIA MIHIC 3408 S. 87TH STREET MILWAUKEE, WI 53227 | 📄 |
| 03/11/2020 | D5 | CS | WRIT FEE | |
| 03/11/2020 | D5 | SR | SUMS COMPLAINT(41386559) SENT BY CERTIFIED MAIL. TO: WHITE EAGLES EXPEDITE INC. 3403 S. 87TH STREET MILWAUKEE, WI 53227 | 📄 |
| 03/11/2020 | N/A | SR | SUMMONS E-FILE COPY COST | |
| 03/11/2020 | N/A | SR | SUMMONS E-FILE COPY COST | |
| 03/11/2020 | N/A | SR | SUMMONS E-FILE COPY COST | |
| 03/11/2020 | N/A | SR | SUMMONS E-FILE COPY COST | |
| 03/11/2020 | D4 | CS | WRIT FEE | |
| 03/11/2020 | D4 | SR | SUMS COMPLAINT(41386558) SENT BY CERTIFIED MAIL. TO: ROYAL M INC. 8821 W. OKLAHOMA AVE SUITE 303 MILWAUKEE, WI 53227 | 📄 |
| 03/11/2020 | D3 | CS | WRIT FEE | |
| 03/11/2020 | D3 | SR | SUMS COMPLAINT(41386557) SENT BY CERTIFIED MAIL. TO: ROYAL M GROUP, LLC 8821 W. OKLAHOMA AVE SUITE 303 MILWAUKEE, WI 53227 | 📄 |
| 03/11/2020 | D2 | CS | WRIT FEE | |
| 03/11/2020 | D2 | SR | SUMS COMPLAINT(41386556) SENT BY CERTIFIED MAIL. TO: WISCONSIN TRUCKS, INC. 3408 S. 87TH STREET MILWAUKEE, WI 53227 | 📄 |
| 03/11/2020 | D1 | CS | WRIT FEE | |
| 03/11/2020 | D1 | SR | SUMS COMPLAINT(41386555) SENT BY CERTIFIED MAIL. TO: OLANYANJU LADEJO 3218 ASPEN CIRCLE SNELLVILLE, GA 30078 | 📄 |
| 03/11/2020 | N/A | SF | JUDGE J. PHILIP CALABRESE ASSIGNED (RANDOM) | |
| 03/11/2020 | P1 | SF | ADDITIONAL DEPOSIT FOR SERVICE, OVER 10 DEFENDANTS $10 | |
| 03/11/2020 | P1 | SF | LEGAL RESEARCH | |
| 03/11/2020 | P1 | SF | LEGAL NEWS | |
| 03/11/2020 | P1 | SF | LEGAL AID | |
| 03/11/2020 | P1 | SF | COURT SPECIAL PROJECTS FUND | |
| 03/11/2020 | P1 | SF | COMPUTER FEE | |
| 03/11/2020 | P1 | SF | CLERK'S FEE | |
| 03/11/2020 | P1 | SF | DEPOSIT AMOUNT PAID MICHAEL J. MAILLIS | |
| 03/11/2020 | N/A | SF | CASE FILED: COMPLAINT, SERVICE REQUEST | 📄 |

Only the official court records available from the Cuyahoga County Clerk of Courts, available in person, should be relied upon as accurate and current.

Website Questions or Comments.

Copyright © 2020 PROWARE. All Rights Reserved. 1.1.234



**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

## Court of Common Pleas

**NOTICE OF APPEARANCE**
**April 15, 2020 16:57**

By: ELIZABETH EMANUEL 0093369

Confirmation Nbr. 1985332

| | |
|---|---|
| SUSAN QUINONES, ETC., ET AL | CV 20 930758 |
| vs. | |
| OLANYANJU LADEJO, ETC., ET AL | **Judge:**  J. PHILIP CALABRESE |

**Pages Filed:**  3

## IN THE COURT OF COMMON PLEAS
## CUYAHOGA COUNTY, OHIO

| | |
|---|---|
| Susan Quinones, Etc., et al, | )  CASE NO. CV 20 930758 |
| | ) |
|        Plaintiffs, | )  JUDGE J. PHILIP CALABRESE |
| | ) |
|   vs. | )  **NOTICE OF APPEARANCE FOR** |
| | )  **DEFENDANT PROSERV LOGISTICS** |
| Olanyanju Ladejo, Etc., et al., | )  **LLC AND NOTICE OF STAY** |
| | ) |
|        Defendants. | ) |

Please take notice that Marc S. Blubaugh and Elizabeth R. Emanuel of Benesch, Friedlander, Coplan & Aronoff LLP, at 41 South High Street, Suite 2600, Columbus, Ohio 43215, and at 200 Public Square, Suite 2300, Cleveland, Ohio 44114, respectively, with email addresses of mblubaugh@beneschlaw.com and eemanuel@beneschlaw.com, hereby enter their appearances as counsel for Defendant ProServ Logistics LLC in the above-referenced case.  All pleadings, orders, papers and correspondence regarding this matter should be directed to their attention.

Furthermore, pursuant to this Court's Administrative Order dated March 31, 2020[1], the "March 27, 2020, Tolling of Time Requirements[2] order issued by the Ohio Supreme Court ["Tolling Order"] indicates the time requirements imposed by the rules of the Court and set to expire during the term of this order shall be tolled."  As such, and pursuant to the Tolling Order, "all statutes of limitation, time limitations, and deadlines in the Ohio Revised Code and the Ohio Administrative Code [are tolled] until the expiration of Executive Order 2020-01D or July 30,

---

[1] https://cp.cuyahogacounty.us/media/2646/administrative-order-3-31-20.pdf

[2] http://www.supremecourt.ohio.gov/rod/docs/pdf/0/2020/2020-Ohio-1166.pdf

2020, whichever is sooner."  Accordingly, Defendant ProServ Logistics LLC's response to the

Complaint is tolled, and it will timely respond after the Tolling Order expires.

Respectfully submitted,

*s/ Elizabeth R. Emanuel*
Marc S. Blubaugh (0068221)
**BENESCH, FRIEDLANDER, COPLAN &**
  **ARONOFF LLP**
41 South High Street, Suite 2600
Columbus, Ohio 43215
Telephone:  (614) 223-9300
Facsimile:   (614) 223-9330
Email:  mblubaugh@beneschlaw.com

Elizabeth R. Emanuel (0093369)
**BENESCH, FRIEDLANDER, COPLAN &**
  **ARONOFF LLP**
200 Public Square, Suite 2300
Cleveland, Ohio 44114
Telephone:  (216) 363-4500
Facsimile:   (216) 363-4588
Email:  eemanuel@beneschlaw.com

*Attorneys for Defendant ProServ Logistics LLC*

**<u>CERTIFICATE OF SERVICE</u>**

The foregoing *Notice of Appearance and Notice of Stay* was electronically filed with the Court on this 15th day of April, 2020.  Notice of this filing will be sent by operation of the Court's case management and electronic case filing system on the following.  Parties may access this filing through the Court's case management and electronic case filing system.

<u>s/ Elizabeth R. Emanuel</u>
*One of the Attorneys for Defendant*
*ProServ Logistics LLC*